[No. 2.    *En Banc.*    June 4, 1919.]

## *In the Matter of the Proceedings for the Disbarment of* H. N. MARTIN.[1]

ATTORNEY AND CLIENT (7)—DISBARMENT—GROUNDS. An attorney should be disbarred where it appears that he induced a client to give him a mortgage which he was to hold for the client's benefit, but which he sold to a *bona fide* purchaser, appropriating the proceeds, that he received money for services which he falsely represented he performed, and that in several other transactions he obtained possession of money belonging to his clients or associates and wrongfully appropriated and refused to account for the same.

Proceeding filed in the supreme court December 3, 1918, for the disbarment of an attorney, upon findings of the state board of law examiners. Judgment of disbarment.

*The Attorney General* and *R. M. Burgunder, Assistant,* for the state.

*Cannon & Ferris,* for accused.

MITCHELL, J.—This is a proceeding for the disbarment of H. N. Martin, an attorney and counselor at law in this state. He has been charged with unprofessional conduct constituting moral turpitude. A hearing was had in August, 1918, before the state board of law examiners, whose findings, conclusion, and recommendation, with all the evidence in the case, have been reported for review by this court, in accordance with its rules and the provisions of chapter 115, Laws of 1917, page 421. The defendant filed written objections to the findings, conclusion, and recommendation of the state board of law examiners, and the cause has been argued and submitted to this court.

The findings, conclusion, and recommendation of the board are as follows:

[1]Reported in 181 Pac. 880.

"FINDINGS: (1) That H. N. Martin is now, and at all times mentioned herein has been, a duly qualified attorney at law admitted to [practice in this state].

"(2) That, in the month of September, 1916, one M. H. Sorell employed H. N. Martin as his attorney to defend him in a criminal action pending against him in the superior court of Grant county, Washington; that it was agreed between Martin and Sorell and wife that the attorney fee in said case was to be the sum of $1,000 for services in the superior court; that said Sorell did not have the sum of $1,000 in cash with which to pay said attorney fee, and it was necessary for him to place a mortgage upon certain property in order to secure the money, and in connection therewith the said H. N. Martin suggested to and advised said Sorell that an additional mortgage of $10,000 be made on all of Sorell's property not already covered by mortgages, in order to protect Sorell in case a judgment for damages was rendered against him in a civil action then pending in the same court; that, pursuant to said advice from said H. N. Martin, the said M. H. Sorell and Emma Sorell, his wife, on the 15th day of September, 1916, executed a mortgage in favor of H. N. Martin on certain property owned by them to secure the payment of a note for $10,000 payable one year from date; that, prior to and at the time of the execution of said note and mortgage, it had been agreed between Martin and Sorell and wife that the mortgage should not be placed of record unless Sorell requested Martin to do so, and in that event Martin agreed to release all or any part of the land included in said mortgage if Sorell wished to sell or mortgage any of the property, or if such request was made for any other purpose.

"(3) That thereafter, and on the 22d day of September, 1916, said Martin endorsed said note and delivered it to the Davenport National Bank of Davenport, Washington, and thereafter and on the 20th day of October, 1916, the said H. N. Martin sold and assigned said mortgage to said bank for a recited consideration of $5,000; that, at the time of said assignment, said H. N. Martin fraudulently represented to

said bank that said mortgage for $10,000 had been given to him in payment of an attorney fee and was *bona fide;* that, in fraud of the rights of said Sorell and without his knowledge or consent, said mortgage was delivered to said bank and recorded by it on the 23d day of October, 1916; that said Martin fraudulently sold said mortgage and appropriated the proceeds of the sale or assignment to his own use, and has refused to account therefor to the said Sorell, or to secure its release and satisfaction, in whole or in part, or to reduce the amount of said mortgage by proper credits on the note or otherwise, although repeated requests have been made to said Martin by Sorell.

"(4) That, a short time after the execution of said $10,000 mortgage, and on or about the 20th day of October, 1916, the said M. H. Sorell mortgaged part of his land for the sum of $1,000 and paid said amount to said H. N. Martin, in full for his services in the criminal action; that the assignment of the note and mortgage by Martin to the bank was accomplished by falsely representing to the bank its consideration, and was done for the purpose of defrauding said Sorell of his property and for the personal gain of said Martin.

"(5) That, on November 6, 1913, in the case of D. C. Bonthius and wife against the Great Northern Railway Company, in the superior court of Lincoln county, cause No. 6060, a judgment was entered in favor of the plaintiffs, after a trial before Judge McCroskey of that county, in which action plaintiffs were represented by Martin & Wilson, as their attorneys; that, subsequent to the date of the judgment, the defendant appealed from the decision of the superior court to the supreme court of the state of Washington; that plaintiffs, through their son, C. Bonthius, arranged with H. N. Martin to represent them on said appeal and to write a brief for the supreme court in said action, and have the same printed, which Martin agreed to do; that the sum of $25 was paid to Martin to apply on the payment of printing the brief; that Martin failed to write or have printed a brief for the supreme court, and no brief was filed in this case for or on behalf of the plaintiffs, although said Martin repeatedly

told and wrote his clients that he was writing said brief; that a decision of the supreme court on the appeal was rendered on February 2, 1916, in which the judgment of the superior court was reversed, and the action of plaintiffs dismissed.

"(6) That, on or about November 9, 1915, suit was brought by D. C. Bonthius against the Great Northern Railway Company, wherein H. N. Martin acted as attorney for the plaintiff, in which judgment in the sum of $220 was sought for the killing of a two-year-old steer July 31, 1915, one three-year-old steer August 3, 1915, and the injury to one Durham bull calf six months old, and one Durham heifer calf six months old, all the property of plaintiff; that, on December 21, 1915, H. N. Martin, as attorney for plaintiff, and the attorneys for the railway company, entered into a written stipulation whereby the case was settled for $140; that subsequently H. N. Martin was paid the sum of $140 by the railway company in accordance with the stipulation; that this money was appropriated by Martin to his own use, and no accounting thereof has . ever been made by him with D. C. Bonthius; that, at the time of the appropriation of said sum of $140 by said Martin, the said D. C. Bonthius was indebted to the firm of Martin & Wilson for services rendered and costs expended by them in previous litigation.

"(7) That, in the month of July, 1913, one Amanda W. Nichols employed the firm of Roche & Onstine, attorneys at law at Spokane, Washington, to cancel a deed and bill of sale and obtain a divorce for her, and thereafter one E. D. Reiter, an attorney, was associated with said firm of attorneys in said action, which was entitled: 'In the Superior Court of the State of Washington in and for the County of Spokane. Amanda W. Nichols, plaintiff, v. J. J. Nichols, defendant.'

"(8) That thereafter the attorneys above named served and filed a motion in said cause to require the defendant to pay a reasonable sum as alimony, suit money and attorney's fees, but prior to the hearing on said motion, the said H. N. Martin was entered as

one of her attorneys; that it was agreed by and between Roche & Onstine, E. D. Reiter and said Martin that the fees payable to Martin for the services rendered by him in the case should be paid directly to him by the plaintiff, and that he was to receive no part of the fees that were to become due to the other attorneys in the case, but that in the event that the court made any order in the action allowing attorney fees to the plaintiff therein, that the same would be divided equally between the attorneys, to wit:   Mr. Martin one-third, Roche & Onstine one-third, and Reiter one-third.

"(9)   That thereafter, on the 12th day of January, 1914, an order was made by the court in said case requiring the defendant to pay to the clerk of the court the sum of $50 suit money and $200 attorney fees; that said sum of $250 was paid to the clerk on the 20th day of January, 1914, and on the same day the said H. N. Martin demanded and received the same from the clerk; that said Martin kept all of said money for his own use and has made no accounting to said Roche & Onstine or E. D. Reiter for their share in said sum of $200, although repeated demands have been made for the payment of said money.

"(10)   That thereafter the said E. D. Reiter assigned to Roche & Onstine his interest in said fee, and an action was instituted in the superior court of the state of Washington in and for Spokane county by said firm of attorneys against said H. N. Martin and the deputy clerk of Spokane county to recover their share of said $200 attorney fee; that said action was tried on the 9th day of June, 1916, and thereafter and on the 11th day of July, 1916, the court granted judgment in favor of Roche & Onstine and against said H. N. Martin in the sum of $130, having found in said case that said Martin had wrongfully received from the clerk all of said attorney's fees and had unlawfully appropriated the same to his own use, and had refused to pay said E. D. Reiter and said Roche & Onstine their share thereof, although often requested so to do; that, since the rendition of said judgment, the said H. N. Martin has failed to pay to said Roche & Onstine

their share of the attorney fee in said divorce action, as determined by the court, and has continued to unlawfully and wrongfully retain and appropriate said money to his own use.

"CONCLUSION: I. As conclusions of law in the foregoing findings of fact, the board finds that the acts and omissions of said H. N. Martin, as set forth in the first, second and fourth causes of action, constitute unprofessional conduct as an attorney at law and involve moral turpitude.

"RECOMMENDATION: I. The board recommends that on the first, second and fourth causes of action the said H. N. Martin should be disbarred from further practice as an attorney in the state of Washington and that his license to practice therein should be revoked."

We have examined the evidence and are satisfied that the findings, conclusion and recommendation of the state board of law examiners are justified and that defendant has forfeited his right to practice law in this state.

It is therefore ordered that defendant, H. N. Martin, be disbarred and his license to practice law in this state annulled.

FULLERTON, MAIN, PARKER, and MACKINTOSH, JJ., concur.